Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
*Attorneys for the Defendant Paula Jordan*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DOUBLE JUMP, INC., | ) Lead Case No.: BK-19-50102-GS |
| Debtor. | ) Chapter 7 |
| | ) Jointly Administered with: |
| Affects: | |
| ☒ DC Solar Solutions, Inc. | ) DC Solar Solutions, Inc. |
| ☒ DC Solar Distribution, Inc. | ) Case No: 19-50130-GS |
| ☐ DC Solar Freedom, Inc. | ) DC Solar Distribution, Inc. |
| ☐ Double Jump, Inc. | ) Case No.: 19-50131-gs |
| | ) DC Solar Freedom, Inc. |
| CHRISTINA W. LOVATO, | ) Case No.: 19-50135-gs |
| Plaintiff, | ) Adversary Proceeding: 21−05032−GS |
| vs. | ) |
| PRISCILLA AMATO, ROBERT AMATO, PAULA JORDAN, | ) |
| Defendants. | ) |

## ANSWER TO COMPLAINT

Paula Jordan, a Defendant in the above-referenced adversary proceeding (the "**Defendant**"), by and through her counsel of record, Schwartz Law, PLLC, hereby files an answer to the Complaint for Avoidance and Recovery of Fraudulent Transfer; Turnover and Accounting (the "**Complaint**") of Plaintiff Christina W. Lovato, in her capacity as Chapter 7 Trustee (referred to herein as the "**Plaintiff**").

The Defendant denies all allegations contained in the headings and/or subheadings preceding individually numbered paragraphs of Plaintiff's Complaint, as well as in the prayer for relief contained therein.  The Defendant also denies all allegations of Plaintiff's Complaint to the extent not expressly admitted.  The Defendant hereby responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## GENERAL ALLEGATIONS

1.      Admitted to the extent of the Trustee's role.  Answering further, Paragraph 1 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 1.

2.      Admitted to the extent of R. Amato is an individual.  Answering further, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 2 and therefore denies same.

3.      Admitted to the extent of P. Amato is an individual.  Answering further, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 3 and therefore denies same.

4.      Admitted.

5.      Admitted.

6.      Paragraph 6 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 6 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 7 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 7.

8.      Admitted.

9.      Admitted to the extent of DC Solar's legitimate business operations.  Answering further, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 9 and therefore denies same.

10.      Admitted.

11.      Admitted.

12.      Admitted.

13.      Admitted.

14.      Admitted.

15.      Admitted to the extent of DCSS numerous transactions.  Answering further, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 15 and therefore denies same.

16.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 16 and therefore denies same.

17.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 17 and therefore denies same.

18.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 18 and therefore denies same.

19.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 19 and therefore denies same.

20.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 20 and therefore denies same.

21.      Admitted to the extent of DC Solar-insiders, including Defendant, who was unaware of and did not participate.  Answering further, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 15 and therefore denies same.

22.      Admitted to the extent of Federal law enforcement serving search warrants on DCSS, DCSD and certain other affiliates on December 18, 2018.  Answering further, the Defendant is

1  without knowledge or information sufficient to form a belief as to the truth of the remaining

2  allegations contained  in Paragraph 22 and therefore denies same.

3      23.    Admitted.

4      24.    Admitted.

5      25.    Paragraph 25 consists of characterizations that are not factual allegations, such that

6  no response is required.  Paragraph 25 is comprised, in part, of a legal conclusion to which no

7  response is required.  Answering further, the Defendant is without knowledge or information

8  sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 25

9  and therefore denies same.  To the extent a further response is required, the Defendant denies the

10  remaining allegations in Paragraph 25.

11      26.    Admitted to the extent of Defendant's role as a DC Solar employee and familial

12  relationship with Paulette Carpoff.  Answering further, the Defendant is without knowledge or

13  information sufficient to form a belief as to the truth of the remaining allegations contained  in

14  Paragraph 26 and therefore denies same.

15      27.    Defendant is without knowledge or information sufficient to form a belief as to the

16  truth of the allegations contained  in Paragraph 27 and therefore denies same.

17      28.    Defendant is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations contained  in Paragraph 28 and therefore denies same.

19      29.    Defendant is without knowledge or information sufficient to form a belief as to the

20  truth of the allegations contained  in Paragraph 29 and therefore denies same.

21      30.    Defendant is without knowledge or information sufficient to form a belief as to the

22  truth of the allegations contained  in Paragraph 30 and therefore denies same.

23      31.    Defendant is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations contained  in Paragraph 31 and therefore denies same.

25      32.    Defendant is without knowledge or information sufficient to form a belief as to the

26  truth of the allegations contained  in Paragraph 32 and therefore denies same.

27      33.    Defendant is without knowledge or information sufficient to form a belief as to the

28  truth of the allegations contained  in Paragraph 33 and therefore denies same.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 34 and therefore denies same.

35.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 35 and therefore denies same.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 36 and therefore denies same.

37.    Admitted to the extent of Defendant P. Jordan's role as employee of DC Solar, payroll payments from DCSS provided in Exhibit 4 to the Adversary Complaint, and these payments being compensation for the services provided by P. Jordan as employee of DC Solar.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 37.

38.    Denied.  Answering further, Paragraph 38 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 38.

39.    Admitted.

40.    Denied.

41.    Denied.  Answering further, Paragraph 41 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 41.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 41 and therefore denies same.

42.    Paragraph 42 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 42 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 42.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 43 and therefore denies same.

/ / /

1

## CLAIMS FOR RELIEF

2

### COUNT 1
**Actual Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(A)**
**[R. Amato and P. Amato and P. Jordan]**

3

4

44.    Defendant repeats, realleges, and incorporates by reference each of the foregoing

5

responses as if fully set forth herein.

6

45.    Defendant is without knowledge or information sufficient to form a belief as to the

7

truth of the allegations contained  in Paragraph 45 and therefore denies same.

8

46.    Defendant is without knowledge or information sufficient to form a belief as to the

9

truth of the allegations contained  in Paragraph 46 and therefore denies same.

10

47.    Defendant is without knowledge or information sufficient to form a belief as to the

11

truth of the allegations contained  in Paragraph 47 and therefore denies same.

12

48.    Defendant is without knowledge or information sufficient to form a belief as to the

13

truth of the allegations contained  in Paragraph 48 and therefore denies same.

14

49.    To the extent that Paragraph 49 purports to quote, paraphrase, or characterize

15

Exhibits 4 and 5, the exhibits speak for themselves.  Answering further, Defendant is without

16

knowledge or information sufficient to form a belief as to the truth of the allegations contained  in

17

Paragraph 49 and therefore denies same.

18

50.    Denied.  Answering further, Paragraph 50 is comprised, in part, of a legal conclusion

19

to which no response is required.    Answering further, Defendant is without knowledge or

20

information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 50

21

and therefore denies same.  To the extent a further response is required, the Defendant denies the

22

remaining allegations in Paragraph 50.

23

### COUNT II
**Constructive Fraudulent Transfer**
**11 U.S.C. § 548(a)(1)(B)**
**[R. Amato and P. Amato and P. Jordan]**

24

25

26

51.    Defendant repeats, realleges, and incorporates by reference each of the foregoing

27

responses as if fully set forth herein.

28

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 52 and therefore denies same.

53.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 53 and therefore denies same.

54.    Paragraph 54 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 54 is comprised, in part, of a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 54 and therefore denies same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 54.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 55 and therefore denies same.

56.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 56 and therefore denies same.

57.    To the extent that Paragraph 57 purports to quote, paraphrase, or characterize Exhibits 4 and 5, the exhibits speak for themselves.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 57 and therefore denies same.

58.    Denied.  Answering further, Paragraph 58 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 58.

**COUNT III**
**Actual Fraudulent Transfer**
**11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1)**
**and 3439.07 or other applicable state law**
**[R. Amato and P. Amato and P. Jordan]**

59.    Defendant repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

60.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 60 and therefore denies same.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 61 and therefore denies same.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 62 and therefore denies same.

63.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 63 and therefore denies same.

64.     To the extent that Paragraph 64 purports to quote, paraphrase, or characterize Exhibits 4 and 5, the exhibits speak for themselves.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 64 and therefore denies same.

65.     Denied.  Answering further, Paragraph 65 is comprised, in part, of a legal conclusion to which no response is required.   Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 65 and therefore denies same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 65.

**<u>COUNT IV</u>**
**Constructive Fraudulent Transfer**
**11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(2) or 3439.05**
**and 3439.07 or other applicable state law**
**[R. Amato and P. Amato and P. Jordan]**

66.     Defendant repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

67.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 67 and therefore denies same.

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 68 and therefore denies same.

69.     Paragraph 69 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 69 is comprised, in part, of a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 69 and therefore denies

same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 69.

70.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 70 and therefore denies same.

71.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 71 and therefore denies same.

72.    To the extent that Paragraph 72 purports to quote, paraphrase, or characterize Exhibits 4 and 5, the exhibits speak for themselves.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 72 and therefore denies same.

73.    Denied.  Answering further, Paragraph 73 is comprised, in part, of a legal conclusion to which no response is required.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 73 and therefore denies same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 73.

**COUNT V**
**11 U.S.C. § 550(a)**
**[R. Amato and P. Amato and P. Jordan]**

74.    Defendant repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

75.    Paragraph 75 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 75 is comprised, in part, of a legal conclusion to which no response is required.   To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 75.

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 76 and therefore denies same.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 77 and therefore denies same.

78.    To the extent that Paragraph 78 purports to quote, paraphrase, or characterize Exhibits 4 and 5, the exhibits speak for themselves.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 78 and therefore deny same.  Answering further, Paragraph 78 is comprised, in part, of a legal conclusion to which no response is required.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 78.

<u>COUNT VI</u>
**Quasi Contract for Unjust Enrichment Seeking Restitution**
**[R. Amato and P. Amato and P. Jordan]**

79.    Defendant repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

80.    Admitted.

81.    Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 81 and therefore denies same.

82.    Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained  in Paragraph 82 and therefore denies same.

83.    Paragraph 83 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 83 is comprised, in part, of a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 83 and therefore denies same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 83.

<u>COUNT VII</u>
**Accounting**
**[R. Amato and P. Amato and P. Jordan]**

84.    Defendant repeats, realleges, and incorporates by reference each of the foregoing responses as if fully set forth herein.

85.    Paragraph 85 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 85 is comprised, in part, of a legal conclusion to which no

response is required.   To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 85.

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 86 and therefore denies same.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 87 and therefore denies same.

88.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 88 and therefore denies same.

89.     Paragraph 89 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 89 is comprised, in part, of a legal conclusion to which no response is required.   To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 89.

90.     Paragraph 90 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 90 is comprised, in part, of a legal conclusion to which no response is required.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 90 and therefore denies same.  To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 90.

91.     Paragraph 91 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 91 is comprised, in part, of a legal conclusion to which no response is required.   To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 91.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained  in Paragraph 92 and therefore denies same.

93.     Paragraph 93 consists of characterizations that are not factual allegations, such that no response is required.  Paragraph 93 is comprised, in part, of a legal conclusion to which no response is required.   To the extent a further response is required, the Defendant denies the remaining allegations in Paragraph 93.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted because, among other reasons, the Department of Treasury – Internal Revenue Service proof of claim (Claim No. 73) is not an allowable claim as having been filed after the applicable claims bar date. The IRS's proof of claim is, therefore, time-barred and should be disallowed as a late-filed claim.

### **SECOND AFFIRMATIVE DEFENSE**

Each and every claim brought by Plaintiff is barred by the applicable statute of limitations.

### **THIRD AFFIRMATIVE DEFENSE**

Defendant's conduct is immunized from both avoidance and recovery of any property or its value by virtue of her good faith and that Defendant acted without knowledge of any alleged fraud(s) purported to have been committed by other Defendants, as well as by virtue of any value Defendant transmitted or conferred in exchange for any property she is alleged to have purportedly received in Plaintiff's Complaint.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or Defendant is entitled to an offset/setoff against any damages award with respect to any benefit actually received by the Debtors through any services Defendant provided.

### **FIFTH AFFIRMATIVE DEFENSE**

All possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer to Plaintiff's Complaint; therefore, Defendant reserves the right to amend her Answer to allege additional affirmative defenses if subsequent investigations so warrant.

/ / /

/ /

**WHEREFORE**, Defendant respectfully requests that this Court (i) deny the relief requested in the Complaint, and grant judgment to Defendant; (ii) order, adjudge, and decree that Plaintiff take nothing by way of his Complaint; (iii) declare Defendant is entitled to her costs and reasonable attorneys' fees; and (iv) grant Defendant such other and further relief as this Court may deem just and proper.

Dated this 3rd day of May, 2021.

Respectfully Submitted,

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
*Attorneys for the Defendant Paula Jordan*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on May 3, 2021, to the following:

SOLOMON B. GENET on behalf of Plaintiff CHRISTINA W. LOVATO
sgenet@melandbudwick.com; ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; ltannenbaum@ecf.courtdrive.com

JEFFREY L. HARTMAN on behalf of Plaintiff CHRISTINA W. LOVATO
notices@bankruptcyreno.com; abg@bankruptcyreno.com

CHRISTINA W. LOVATO trusteelovato@att.net; NV26@ecfcbis.com

KEVIN C. PAULE on behalf of Plaintiff CHRISTINA W. LOVATO
kpaule@melandbudwick.com; ltannenbaum@melandbudwick.com; mrbnefs@yahoo.com; ltannenbaum@ecf.courtdrive.com

/s/ Susan Roman
Susan Roman, an employee of
SCHWARTZ LAW, PLLC